UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE M. CADY, *as Personal Representative of the Estate of Paul Victor Galambos III* )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CUMBERLAND COUNTY JAIL, )<br>*et al.*, )<br>)<br>Defendants. ) | Civil No. 2:10-cv-00512-NT |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on March 22, 2013, her Recommended Decision (ECF No. 150). The Magistrate Judge recommended granting the summary judgment motions of Defendants Cumberland County Jail and its employees: Keith Logan, David Moore and Corey Gilpatrick. (The "CCJ Defendants"). The Plaintiff has not objected to that portion of the Magistrate Judge's recommended decision dismissing the CCJ Defendants. The time within which to file objections expired on April 8, 2013 and no objections were filed by the Plaintiff. The Magistrate Judge notified the parties that failure to object would waive their right to de novo review and appeal. It is therefore <u>ORDERED</u> that the portion of the Recommended Decision of the Magistrate Judge recommending dismissal of the CCJ Defendants is hereby <u>ADOPTED</u>.

The Magistrate Judge recommended denying the summary judgment motions of Defendants Corizon, Inc. and its employees: Barbara Walsh, director of nursing, Linda Williams, LCSW, and Michael Trueworthy, CNP. (The "Corizon Defendants"). Each of the Corizon Defendants filed objections to the Recommended Decision (ECF Nos. 151, 152, 153, and 154) and requested oral argument. Oral argument was held on July 19, 2013.

As for the Corizon Defendants' motions for summary judgment, I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision pertaining to the Corizon Defendants; and I concur with the recommendations of the United Magistrate Judge for the reasons set forth in her Recommended Decision.

I write to address only one issue. The Magistrate Judge pointed out to the Court that the law on qualified immunity for private actors who are under contract to perform duties statutorily required of the state is unsettled. I agree with the Magistrate Judge that the Corizon Defendants are more like the defendants in *Richardson v. McKnight*, 521 U.S. 399 (1997) (where guards working in a prison facility run by a private contractor were not entitled to qualified immunity) than the defendant in *Filarsky v. Delia*, 132 S.Ct. 1657 (2012) (private attorney who was retained by city to assist in investigation of firefighter's potential wrongdoing was entitled to seek

qualified immunity). The Court in *Filarsky* emphasized that the particular circumstances of *Richardson* – "'a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, undertak[ing] that task for profit and potentially in competition with other firms" – combined sufficiently to mitigate the concerns underlying recognition of governmental immunity under § 1983." *Filarsky*, 132 S.Ct. at 1667 (quoting *Richardson*, 521 U.S. at 413).

Magistrate Judge Kravchuk also points to a First Circuit case, which predated *Richardson* and which was not cited by the parties, wherein the First Circuit held that private social workers who work for agencies under contract with the state to provide counseling and investigative services in suspected cases of child abuse were the functional equivalent of state actors and therefore entitled to qualified immunity. *Frazier v. Bailey,* 957 F.2d 920, 929 (1st Cir. 1992). Because this case falls somewhere in between *Frazier* and *Richardson*, and because the First Circuit has not yet revisited *Frazier* in light of *Richardson* and *Filarski*, I agree with the Magistrate Judge's prudent decision to assume for the sake of argument that the Corizon defendants are entitled to qualified immunity. I adopt her approach, and I agree with her conclusion for the reasons she states, that even if the Corizon Defendants are entitled to raise a qualified immunity defense, their defense fails.

It is therefore <u>ORDERED</u> that the CCJ Defendants' motion for summary judgment (ECF No. 101) against all counts in the complaint is hereby <u>GRANTED.</u>  It is further <u>ORDERED</u> that the Corizon Defendants' motions for summary judgment (ECF Nos. 103, 104, 105, and 106) are DENIED in full, leaving for trial the Count I and Count III deliberate indifference claims against the Corizon Defendants.

<u>SO ORDERED</u>.

                                  <u>/s/ Nancy Torresen</u>
                                  UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2013.