UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE CADY, Personal representative of the Estate of Paul Victor Galambos III, <br><br> Plaintiff, <br> v. <br><br> CUMBERLAND COUNTY JAIL et. al., <br> Defendants | Civil no. 2:10-cv-00512-NT |

**ORDER ON THE PLAINTIFF'S MOTION TO BIFURCATE**

Before the Court is Plaintiff Katherine Cady's motion, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, to separate her claims against Defendant Corizon, Inc. f/k/a Correctional Medical Services, Inc. ("**Corizon**") from her claims against Defendants Michael Trueworthy, Linda Williams, and Barbara Walsh and to order a separate trial against Corizon (ECF. No. 175). For the reasons that follow, the Court **DENIES** the Plaintiff's motion.

On December 12, 2008, the Plaintiff's son, who was a pretrial detainee at the Cumberland County Jail, died following a series of self-inflicted injuries. On December 12, 2010, the Plaintiff filed this civil rights complaint against the jail, Corizon, and other entities and individuals employed by these entities (ECF. No. 1). A number of Defendants were dismissed from the case (*see* ECF Nos. 43, 46, 50, 55, and 85). On October 24, 2012, all of the remaining Defendants moved for summary judgment (ECF. Nos. 101, 103 −106). The Magistrate Judge (Kravchuk, J.) on March 22, 2013 filed a report and recommended decision granting the municipal

1

defendants' motion for summary judgment, but denying the motions of Corizon, Trueworthy, Williams, and Walsh (ECF. No. 150). The Court on August 1, 2013 affirmed the recommended decision (ECF. No. 168).

On August 16, 2013, Trueworthy, Williams, and Walsh filed their notice of interlocutory appeal from the Court's rejection of their claims of qualified immunity (ECF. No. 169). *See, e.g.*, *Rodriguez-Rodriguez v. Ortiz-Velez*, 391 F.3d 36, 40 (1st Cir. 2004) ("a denial of qualified immunity . . . can be appealed immediately on the issue whether the plaintiffs' own version of events together with uncontested facts entitles the defendant to immunity.").

The Plaintiff states in her motion to bifurcate that, over the past three years, she has depleted her personal resources pursuing the claims in this case, and that the individual Defendants have pursued interlocutory appeals to delay the case and thereby gain a tactical advantage to press a settlement in their favor. She requests that the Court allow trial against Corizon to move forward while the individual Defendants pursue their appeals.

Under Federal Rule of Civil Procedure 42(b) the Court may "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate . . . claims . . . ." But the bifurcation requested by the Plaintiff does not, when considered from the perspective of all parties and the Court, promote these goals. Bifurcation would allow the Plaintiff to proceed to trial against Corizon without delay. But bifurcation would also require a second trial

against the individual Defendants should their appeals be denied—a circumstance the Plaintiff argues is highly likely to occur.

Corizon is a for-profit corporation that was hired by the jail to provide medical services to its inmates. The Plaintiff claims that Corizon had a policy, custom, or practice that resulted in treatment of her son that was deliberately indifferent to his constitutional rights. Defendants Trueworthy, Williams, and Walsh were Corizon employees who allegedly acted with deliberate indifference. There is a great deal of factual overlap between these claims. Trueworthy, Williams, and Walsh will almost certainly be required to take part in any trial against Corizon, most likely to protect their own interests in addition to being witnesses whose testimony is relevant to the question of Corizon's liability. It would be highly prejudicial to the individual Defendants to essentially require them to go through trial twice. The Court also considers the cost to the judicial system of conducting two trials where one trial would suffice. Because of the prejudice to the individual Defendants, and because of the unnecessary expense of conducting two trials, the Court **DENIES** the Plaintiff's motion to order separate trials.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 28th day of October, 2013.